IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

KENITA MCKENZIE                                                          PLAINTIFF

v.                                    Case No. 6:24-cv-6096

NATIONAL PARK COLLEGE                                                    DEFENDANT

**<u>MEMORANDUM OPINION & ORDER</u>**

Before the Court is Defendant National Park College's (the "College") Supplemental Motion for Summary Judgment.  ECF No. 39.  Plaintiff Kenita McKenzie ("McKenzie") responded.  ECF No. 43.  The College replied.  ECF No. 47.  The Court finds the matter ripe for consideration.

**I. BACKGROUND**[1]

The College is a public community college in Hot Springs, Arkansas.  At the time relevant to this case, McKenzie worked as a "Veteran Services Coordinator/Academic Advisor" at the College.  On January 10, 2024, McKenzie requested a period of leave under the Family Medical Leave Act ("FMLA").  The College approved the leave request for a period spanning January 8, 2024, through March 4, 2024.  Upon McKenzie's return from leave on March 5, 2024, College staff informed her that she would no longer be performing the Veteran Services Coordinator aspects of her position and would now be limited to Academic Advisor duties.  McKenzie experienced no change in pay or benefits from this reduction in duties.  McKenzie submitted her two-week's notice of resignation on March 25, 2024, with an intended end date of April 8, 2024.  That same day, the College informed McKenzie that it accepted her resignation immediately and

---

[1] The Court offers an abbreviated factual background for this Order.  A more detailed narrative of the factual background can be found in the Court's prior Order on Defendant's first motion for summary judgment.  ECF No. 38.  Further, the Court will utilize the parties' statements of facts and associated exhibits from the prior motion for summary judgment, if necessary, when addressing the instant motion.  ECF No. 24; ECF No. 26-1.

that she would not be working the two-week period she anticipated.

On July 19, 2024, McKenzie filed her Complaint against the College in this Court, alleging that the College violated the FMLA.  ECF No. 2.  McKenzie alleges that the College violated the FMLA by not restoring her to an equivalent position upon her return from leave and by discriminating against her for taking FMLA leave.  In her prayer for relief, McKenzie requests "the entry of a declaratory judgment in favor of Plaintiff, decreeing that her federally protected rights have been violated" and a "judgment in her favor and against Defendant, for an amount in excess of $75,000.00, plus interest and liquidated damages as that term is defined in 29 U.S.C. § 2617 and for other relief as this Court deems appropriate, including an appropriate award of front pay."  ECF No. 2, at 8.

On October 10, 2025, the College filed a motion for summary judgment, arguing that the record could not establish the alleged FMLA violations.  ECF No. 23.  On May 20, 2026, the Court granted the College's motion in part and denied it in part.  ECF No. 38.  For McKenzie's FMLA entitlement claim, the Court found that the record created a genuine question of fact regarding whether the College returned McKenzie to an equivalent position upon her return from leave.  ECF No. 38, at 6–8.  The Court stated that "the record indicates that there is a question as to whether the College restored McKenzie to a position with 'substantially similar duties and responsibilities' that entailed 'substantially equivalent skill, effort, responsibility, and authority.'"  ECF No. 38, at 6 (quoting 29 C.F.R. § 825.215(a)).  As to the discrimination claim, the Court found that the record was insufficient to establish McKenzie's prima facie case.  ECF No. 38, at 12–15.  Further, the Court found that McKenzie could not establish that she was constructively discharged when she submitted her resignation.  ECF No. 38, at 13–14.  The Court stated that the evidence could not demonstrate that the reduction in her job duties—standing alone and without any reduction in pay

2

or benefits—was objectively intolerable and forced her to resign.  ECF No. 38, at 14.

On May 22, 2026, the College filed the instant motion and its brief in support.  ECF Nos. 39 & 40.  The College argues that the Court should reconsider its ruling on the College's motion for summary judgment because McKenzie has failed to show that she is entitled to any damages or to equitable relief.  Though noting that the College neglected to raise this issue in its motion for summary judgment, the Court determined that resolution of the damages issue could obviate the need for a trial on McKenzie's remaining FMLA entitlement claim.  ECF No. 42.  Therefore, the Court construed the instant motion as a belated supplement to the College's initial motion for summary judgment and directed McKenzie to respond.[2]  ECF No. 42.  Plaintiff responded in opposition, and the College replied.  ECF Nos. 43 & 47.

## II. LEGAL STANDARD

"Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Hess v. Union Pac. R.R. Co.*, 898 F.3d 852, 856 (8th Cir. 2018).  Summary judgment is a "threshold inquiry of . . . whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they reasonably may be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  A fact is material only when its resolution affects the outcome of the case. *See id.* at 248.  A dispute is genuine if the evidence is such that it could cause a reasonable fact finder to return a verdict for either party. *See id.* at 252.

---

[2] By treating the instant motion as functionally a supplemental motion for summary judgment on the issue of available relief for McKenzie's FMLA entitlement claim, the Court does not believe it is violating the principle that motions for reconsideration under Rule 54(b) cannot be used to put forth arguments that could have been raised when the initial motion was pending. *See SPV-LS, LLC v. Transamerica Life Ins. Co.*, 912 F.3d 1106, 1111 (8th Cir. 2019) ("A motion for reconsideration is not a vehicle to identify facts or legal arguments that could have been, but were not, raised at the time the relevant motion was pending.").  Further, Plaintiff has not raised an objection to the Court evaluating the arguments in the instant motion on the merits.

In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in the light most favorable to the nonmoving party. *Nitsche v. CEO of Osage Valley Elec. Co-Op*, 446 F.3d 841, 845 (8th Cir. 2006). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. Cnty. of LeSueur*, 47 F.3d 953, 957 (8th Cir. 1995). However, a party opposing a properly supported summary judgment motion "may not rest upon mere allegations or denials . . . but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. "The failure to oppose a basis for summary judgment constitutes waiver of that argument, because the non-moving party is responsible for demonstrating any genuine dispute of material fact that would preclude summary judgment." *Paskert v. Kemna-ASA Auto Plaza, Inc.*, 950 F.3d 535, 540 (8th Cir. 2020) (internal quotation marks omitted).

### III. DISCUSSION

The FMLA entitles eligible employees "to a total of 12 workweeks of leave during any 12-month period" for various family or medical circumstances. 29 U.S.C. § 2612(a)(1). The FMLA holds that it is unlawful for an employer to "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right" under the FMLA, or to "discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by" the FMLA. 29 U.S.C. § 1615(a)(1)–(2).

> There are three types of claims arising under the FMLA: (1) where an employer refuses to authorize leave under the FMLA or takes other action to avoid responsibilities under the Act (an entitlement or interference claim); (2) where an employee opposes any practice made unlawful under the FMLA and the employer

4

retaliates against the employee (a retaliation claim); and (3) where an employer takes adverse action against an employee because the employee exercises rights to which she is entitled under the FMLA (a discrimination claim).

*Boston v. TrialCard, Inc.*, 75 F.4th 861, 868 (8th Cir. 2023).

An entitlement claim requires a plaintiff to show that: (1) they were eligible for FMLA leave; (2) that the defendant was on notice of the need for FMLA leave; and (3) that the defendant denied the plaintiff benefits to which they were entitled under the FMLA. *See id*. at 869. The Court previously found that the record could establish the substantive elements of McKenzie's FMLA entitlement claim, which alleges that the College did not return her to an equivalent position after FMLA leave as she was entitled under 29 C.F.R. § 825.14. ECF No. 38, at 6–8.

In the instant motion, the College argues that the entitlement claim still fails because McKenzie cannot show that she can obtain any of the relief she seeks, whether in the form of damages or equitable relief.

**A. Damages**

An employer who violates the FMLA is liable to the affected employee for an amount of damages equaling "any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation" or, if such compensation has not been denied or lost, "any actual monetary losses sustained by the employee as a direct result of the violation[.]" 29 U.S.C. § 2617(a)(1)(A)(i)(I)–(II). Demonstrating that an employer violated the FMLA is the threshold matter, but "§ 2617 provides no relief unless the employee has been prejudiced by the violation[.]" *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002). This means that "the cause of action under the FMLA is a restricted one: The damages recoverable are strictly defined and measured by actual monetary losses." *Nev. Dept. of Hum. Res. v. Hibbs*, 538 U.S. 721, 739–40 (2003). A plaintiff must present "evidence of any tangible loss actually incurred and

5

directly caused by" an FMLA violation. *Hasenwinkel v. Mosaic*, 809 F.3d 427, 434 (8th Cir. 2015). Nominal damages are not recoverable for an FMLA claim. *Brandt v. City of Cedar Falls*, 37 F.4th 470, 479 (8th Cir. 2022). Emotional distress damages are similarly unavailable. *Rogers v. City of Des Moines*, 435 F.3d 904, 909 (8th Cir. 2006).

The College argues that the record clearly demonstrates that McKenzie cannot recover any damages for her remaining FMLA entitlement claim. ECF No. 40, at 3–5. The College emphasizes that McKenzie has admitted that she suffered no reduction in pay or benefits when the College reduced her job duties upon her return from leave. Then noting that the Court previously found that McKenzie was not constructively discharged when she resigned, the College contends that McKenzie's resignation and the loss of earnings from her subsequent unemployment cannot be considered the result of an FMLA violation.

In response, Plaintiff argues that the record creates a genuine question of fact as to the amount of lost earnings she incurred from the College's alleged FMLA violation. ECF No. 43, at 6–8. Plaintiff contends that she is entitled to damages for the pay and benefits she did not receive after submitting her notice of resignation. Plaintiff notes that the College only paid her through March 31, 2024. Plaintiff contends that she consequently lost $712.58 in gross pay for the week she was not paid prior to her intended April 8, 2024 end date. Plaintiff argues that a jury could conclude that the College decided to accept her resignation immediately and not pay her for that week because she no longer performed her prior Veteran Services Coordinator duties. Plaintiff also asserts that she can present an argument to the jury that the reduction in her job duties impacted her ability to obtain new employment and lowered her earning capacity.

In reply, the College argues that the potential damages proposed by McKenzie cannot sustain her claim. ECF No. 47, at 5–6. The College contends that McKenzie has offered no

evidence to demonstrate that its decision to accept her resignation immediately has any connection to her reduced duties, which runs afoul of § 2617(a)(1)(A)(i)'s requirement that the alleged losses occur "by reason of" or "as a direct result of" an FMLA violation.  The College also asserts that this argument attempts to sidestep the Court's finding that McKenzie was not constructively discharged.  The College contends that this erases the possibility that any post-resignation loss in expected pay can be considered damages from an FMLA violation.  The College then argues that McKenzie's purely speculative argument regarding jobs for which she was not hired does not satisfy § 2617(a)(1)(A)'s requirement that damages consist of compensation denied or actual monetary losses.

The Court finds that McKenzie has failed to show that she can recover damages for her FMLA entitlement claim.  First, McKenzie does not dispute that her pay and benefits were unchanged upon her return from FMLA leave.  ECF No. 26, at 13; ECF No. 26-6, at 2–3; ECF No. 45, at 3–4.  Thus, there was no "tangible loss" accompanying the reduced duties as is necessary to sustain an FMLA claim for damages.  *Hasenwinkel*, 809 F.3d at 434.  Next, the Court already determined that McKenzie's decision to resign could not constitute a constructive discharge stemming from the College's alleged FMLA violations.  ECF No. 38, at 13–14.  With her resignation not being the result of an FMLA violation, a reasonable fact finder could not conclude that any alleged losses resulting from her resignation were "by reason of" or "a direct result of" the College's alleged FMLA violation underlying McKenzie's remaining claim. 29 U.S.C. § 2617(a)(1)(A)(i)(I)–(II).  Even entertaining the possibility that her voluntary resignation could result in FMLA damages, McKenzie provides no evidence to show that the College's decision to accept her resignation immediately was the result of the alleged FMLA violation that reduced McKenzie's job duties.  Additionally, McKenzie's pure speculation as to how the reduction in her

duties resulted in her not being hired for other positions does not comply with the requirement that damages be "strictly defined and measured by actual monetary losses." *Hibbs*, 538 U.S. at 740. Accordingly, McKenzie cannot show damages for her remaining FMLA entitlement claim under 29 U.S.C. § 2617(a)(1)(A).

### B. Equitable Relief

An employer who violates the FMLA is liable to the affected employee "for such equitable relief as may be appropriate, including employment, reinstatement, and promotion." 29 U.S.C. § 2617(a)(1)(B). "Front pay is an equitable remedy, which the district court in its discretion may award . . . to make the injured party whole." *Smith v. World Ins. Co.*, 38 F.3d 1456, 1466 (8th Cir. 1994). "The purpose of an award of front pay is to compensate a wrongfully terminated employee where reinstatement is not a practical alternative." *Belk v. City of Eldon*, 228 F.3d 872, 883 (8th Cir. 2000). Front pay is "the monetary equivalent of reinstatement[.]" *Kramer v. Logan Cnty. Sch. Dist. No. R-1*, 157 F.3d 620, 626 (8th Cir. 1998). Thus, "courts will presume for the purposes of awarding relief that an illegally discharged employee would have continued working for the employer until he or she reaches normal retirement age[.]" *MacDissi v. Valmont Indus., Inc.*, 856 F.2d 1054, 1060 (8th Cir. 1998).

The College argues that McKenzie does not seek and is not entitled to any equitable relief for her remaining claim. ECF No. 40, at 5. After emphasizing that McKenzie seeks no equitable relief, the College then contends that the Court's prior finding that McKenzie was not constructively discharged forecloses the possibility of such relief. The College asserts that "[w]ithout a viable basis to treat the end of her employment as unlawful, McKenzie cannot convert a disputed restoration issue into reinstatement, front pay, or other equitable relief." ECF No. 40, at 5.

In response, McKenzie argues that she does seek equitable relief and that it is available in these circumstances. ECF No. 43, at 3–6. McKenzie first highlights that her Complaint stated that she seeks a declaratory judgment, front pay, and other appropriate relief. McKenzie argues that a declaratory judgment is a form of equitable relief and that the "other relief" language in her Complaint encompasses any form of equitable relief that may be available. McKenzie asserts that this language "allows the Court leeway to instruct the jury to consider other relief available to [McKenzie] under the law." ECF No. 43, at 4. Thus, McKenzie states that she "should be allowed the opportunity to present an argument to the jury that she is entitled to any relief available to her under 29 U.S.C. § 2617(a)(1)(B), including a declaratory judgment that the Defendant violated her entitlement rights under FMLA." ECF No. 43, at 5.

In reply, the College first argues that McKenzie never pled or requested cognizable equitable remedies. ECF No. 47, at 2–3. The College asserts that McKenzie cannot invent a new claim for relief in a response to summary judgment to salvage her claim when such requests were not in the Complaint or divulged during discovery. As to the declaratory judgment request, the College contends that the Eighth Circuit's opinion in *Brandt* makes it clear that an FMLA claim requires more than a technical violation to establish the necessary prejudice entitling a plaintiff to relief. The College then contends that the Court's prior finding that McKenzie was not constructively discharged eliminates the potential for front pay because that remedy serves no purpose in the absence of an unlawful termination. ECF No. 45, at 4–5.

The Court finds that McKenzie has failed to show that she can obtain the equitable relief she seeks. The only recognized equitable remedy that McKenzie seeks is front pay. However, as mentioned several times above, the Court already determined that McKenzie was not constructively discharged. ECF No. 38, at 13–14. Front pay is a remedy that provides relief in

9

response to an unlawful termination.[3]  *See Belk*, 228 F.3d at 883 (specifying that front pay is to compensate a "wrongfully terminated employee"); *MacDissi*, 856 F.2d at 1060 (indicating that an illegal discharge must exist before front pay can be considered as a remedy).  With no unlawful termination in this matter, front pay is not an available equitable remedy.  *See Belk*, 228 F.3d at 883; *MacDissi*, 856 F.2d at 1060.

McKenzie's request for a declaratory judgment is also incapable of providing the necessary equitable relief for her claim.  First, McKenzie cites no decision from the Eighth Circuit establishing that a declaratory judgment is a form of equitable relief available for an FMLA violation under 29 U.S.C. § 2617(a)(1)(B).  The Court is also unable to locate such a decision.  Next, the declaratory judgment McKenzie contemplates would have little, if any, equitable impact because it would do nothing to change her circumstances or enjoin the College.[4]  Also, McKenzie's assertion that simply establishing that an FMLA violation occurred could allow her to prevail on her FMLA claim clashes with the rule set out in *Ragsdale*, which holds that showing an FMLA violation is simply a "threshold" requirement after which a plaintiff must still demonstrate "prejudice" from the violation.  535 U.S. at 89.  Furthering that principle, the Eighth Circuit has confirmed that establishing the substantive elements of an FMLA violation cannot sustain an FMLA claim without also showing damages or an entitlement to injunctive relief.  *See Brandt*, 37 F.4th at 478–79.  McKenzie's argument regarding declaratory relief runs counter to

---

[3] Notably, every Eighth Circuit decision examined by the Court in which it determined the appropriateness of front pay as a remedy involved an employee that was found to have been illegally terminated. *See, e.g., Olivares v. Brentwood Indus.*, 822 F.3d 426, 429–31 (8th Cir. 2016) (examining a district court's front pay ruling for an employee who was illegally terminated because of his race).

[4] This is in stark contrast to the case McKenzie relies upon to argue that a declaratory judgment constitutes equitable relief under the FMLA, *Simon v. Coop. Educ. Serv. Agency #5*, 46 F.4th 602 (7th Cir. 2022).  In *Simon*, the plaintiff sought injunctions requiring that she be returned to an equivalent position and requiring that her employer's employees undergo FMLA training, in addition to a declaration of an FMLA violation.  46 F.4th at 605.  The only articulated impact of the declaratory judgment that McKenzie seeks comes from her counsel's presumption that a declaratory judgment would entitle them to attorney's fees.  ECF No. 45, at pp. 2, 4–5.

that principle.  Considering *Ragsdale* and *Brandt*, the Court does not view the simple declaration McKenzie seeks as "appropriate" equitable relief available under 29 U.S.C. § 2617(a)(1)(B) and capable of sustaining her claim.

Lastly, the Court finds that McKenzie does not seek any other form of equitable relief. This conclusion is inescapable when viewing McKenzie's response to the instant motion within the context of the entire course of this case.  The only equitable relief that McKenzie seeks in her Complaint is front pay.  ECF No. 2, at 8.  The Court will not interpret the Complaint's reference to "other relief" as encompassing all possible equitable relief because McKenzie was clearly able to specify forms of equitable relief if she desired.  Next, prior to McKenzie's response to the instant motion, the record contains no mention of, or request for, any other form of equitable relief.  The material the parties submitted in relation to the College's initial summary judgment motions gives no indication that McKenzie seeks another form of equitable relief.  Additionally, and of particular note to the Court, McKenzie's pre-trial disclosure does not mention any other form of equitable relief in the section for disclosing the relief sought.[5]  ECF No. 30, at 1.  McKenzie limits the relief sought to "monetary damages for all compensation owed to her, in addition to interest, liquidated damages, front pay, as well as pre-judgment interest, reasonable attorney's fees, and all costs connected to this action."  ECF No. 30, at 1.

Rounding off the absence of a request for other equitable relief in her prior filings, McKenzie fails to directly and affirmatively state in her response to the instant motion that she wants to be reinstated to her Veteran Services Coordinator/Academic Advisor position.  The closest McKenzie comes is referencing what a reinstatement order could do.  ECF No. 45, at 5–6. But the Court does not view this reference to reinstatement as a request for relief, particularly when

---

[5] The Court continued the trial after the College filed the instant motion.  ECF No. 42.

11

considering the complete absence of any prior request.  Further bolstering the Court's refusal to entertain that McKenzie is genuinely seeking reinstatement is her broad argument that a possibility of equitable relief means that she should be permitted to present her claim to a jury.  ECF No. 45, at 5–6.  This mistakenly presumes that the jury makes decisions regarding equitable relief.  *See Excel Corp. v. Bosley*, 165 F.3d 635, 639 (8th Cir. 1999) (noting that equitable relief is an issue that must be determined by the court).  Moreover, a Court should not consider the potential availability of equitable relief as sufficient to sustain an FMLA claim where a plaintiff does not seek that form of equitable relief.  *See Brandt*, 37 F.4th at 479 (finding that summary judgment was appropriate for an FMLA claim when a plaintiff disclaimed damages and did not seek a form of equitable relief).  Pursuant to that principle, the Court will not consider the mere existence of reinstatement as a form of equitable relief sufficient to sustain McKenzie's FMLA claim when she has never asserted that she desires reinstatement.

By failing to establish that she can recover damages or that she can obtain the only recognized form of equitable remedy she seeks, McKenzie's remaining FMLA entitlement claim necessarily fails.  *See Ragsdale*, 535 U.S. at 89; *Brandt*, 37 F.4th at 478–79.

## IV. CONCLUSION

For the reasons stated above, the College's Supplemental Motion for Summary Judgment (ECF No. 39) is hereby **GRANTED**.  Accordingly, all of McKenzie's claims are hereby **DISMISSED WITH PREJUDICE**.  A Judgment of even date shall issue.

**IT IS SO ORDERED**, this 4th day of August, 2026.

/s/ Susan O. Hickey
Susan O. Hickey
Senior United States District Judge

12